## C. W. & J. PIERCE *v.* J. G. MATTHEWS.

**Compromise—Consideration.**

> The agreement between an insolvent debtor and his creditors, that they will not carry his estate into bankruptcy, on condition that the debtor would pay a cash per cent. of his debts, has a sufficient consideration for its support.

**Waiver of Tender.**

> Where an agreement has been made between creditors and a debtor by which, upon the payment of fifty per cent. of the debts, the debtor is to be released, the repudiation of the release by a creditor constitutes a waiver of the right to demand or require a technical tender of the amount agreed to be paid on the claim.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

December 2, 1879.

OPINION BY JUDGE HINES:

Appellant brought suit to recover $449.66 on account against appellee, récovered half that sum, and was adjudged to pay the cost of the action. From that judgment this appeal is taken.

Appellants executed a written release to appellee on condition that they should receive fifty cents in cash on the dollar of their indebtedness, and assigned their claim in blank. To the plea of release upon this condition and of tender of the fifty cents on the dollar, appellants respond that the signature to said release was obtained by the fraudulent representations of one Hatch, agent of appellee, and that it was without consideration.

Upon the issue of the fraudulent procurement of the assignment and release of the claim against appellee, one of appellants, and a clerk in the house testify that one Hatch came to them, representing himself to be the agent of the creditors of the appellee, and expressing the opinion that he could compel appellee to pay the full amount of the claim, and agreeing that the release should be operative only upon the condition that the said Hatch could secure nothing more than the 50 per cent. In conflict with the statements of these witnesses is the evidence of Hatch, who expressly denies that he made any such representations, says that he was not the agent of the appellee in the matter, that he represented the creditors and believed that the compromise made was the best that could under the circumstances be done.

It also appears from the testimony of one of the appellants that

appellee requested him to go to Higgins & Company and get the fifty cents on the dollar, which appellant refused to do, claiming that the signature had been procured by fraud, and declaring his intention not to abide by it.

In the first place it does not clearly appear that Hatch was employed or was acting for appellee. Hatch expressly denies it; denies that he made the representations attributed to him by Pierce and his clerk, and that he was acting in the interest of the creditors is borne out by the testimony of Higgins. In the second place, the record does not satisfactorily show that appellants could have made more out of appellee than was secured by the compromise, and it does not, therefore, presuming that Hatch was the agent of appellee and made the representations claimed, follow that appellants were misled to their prejudice by relying upon the statements of Hatch.

The repudiation of the release and assignment by appellants and their refusal to confer with Higgins & Company, who were authorized to pay the 50 per cent. on the claims, was a waiver of the right to demand or require a technical tender of the amount agreed to be paid on the claim.

The agreement between the numerous creditors of appellee, on the condition that appellee would pay cash and not carry his estate into bankruptcy, had a sufficient consideration for its support.

Judgment *affirmed*.

*W. O. & J. L. Dodd, for appellants.*
*Bodley & Simrall, for appellee.*